UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI INSURANCE
COMPANY,

      Plaintiff,

vs.

DORSEY CONSTRUCTION
COMPANY, *et al.*,

      Defendants.

Case No. 1:09-cv-3

Judge S. Arthur Spiegel
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (Doc. 7) BE GRANTED**

This matter is before the Court upon Plaintiff's motion for entry of default against Defendants Abbott Masonry, LLC ("Abbott Masonry") and American Glass Services, LLC ("American Glass") (Doc. 7), as a result of their failure to plead, answer or otherwise move or defend as to Plaintiff's complaint.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On January 5, 2009, Cincinnati Insurance Company ("Plaintiff") initiated this action by filing a complaint. (Doc. 1). On February 23, 2009, a return of service, executed on Defendants Abbott Masonry (Doc. 6) and American Glass (Doc. 5) on February 20, 2009, was filed with the Court. Defendants Abbott Masonry and American Glass, however, failed to file an answer or otherwise respond to Plaintiff's complaint.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

As a result, on March 23, 2009, Plaintiff's counsel filed a motion for entry of default. (Doc. 7).

## II. DEFAULT JUDGMENT STANDARD

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> (a)     Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment.  Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2)  By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that

2

fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

### III. ANALYSIS

Upon review of the record, the undersigned finds and recommends that entry of default is warranted.

The Court finds that Defendants Abbott Masonry and American Glass were properly served (Docs. 5, 6) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and have failed to plead or otherwise defend. Defendants Abbott Masonry and American Glass' failure to respond to Plaintiff's motion for entry of default (Doc. 7) as well as their failure to respond to Plaintiff's complaint, has made it abundantly clear that they have no intention of defending this action. Thus, an entry of default is warranted.

### IV.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for entry of default (Doc. 7) should be **GRANTED**, and the Clerk be directed to enter a default against Defendants Abbott Masonry and American Glass pursuant to Fed. R. Civ. P. 55(a).

Date: May 11, 2009  s/ Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI INSURANCE
COMPANY,

    Plaintiff,

vs.

DORSEY CONSTRUCTION
COMPANY, *et al.*,

    Defendants.

Case No. 1:09-cv-3

Judge S. Arthur Spiegel
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).