UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | Case No. 1:09-cv-3 |
| | Judge S. Arthur Spiegel |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | |
| DORSEY CONSTRUCTION COMPANY, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT ON DAMAGES (Doc. 27) BE GRANTED**

This civil action is before the Court upon Plaintiff's amended motion for entry of judgment on damages against Defendants Abbott Masonry, LLC ("Abbott Masonry"), American Glass Services, LLC ("American Glass"), Dorsey Construction Company, Inc. ("Dorsey Construction"), Andrea L. Pruneau, and Alfred Pruneau (Doc. 27), as a result of their failure to plead, answer, or otherwise move or defend as to Plaintiff's complaint, motions for entry of default, and motions for default judgment on damages.

**I. BACKGROUND FACTS AND PROCEDURAL HISTORY**

On January 5, 2009, Cincinnati Insurance Company ("Plaintiff") initiated this action by filing a complaint. (Doc. 1). On February 23, 2009, a return of service was executed on Defendants Abbott Masonry (Doc. 6) and American Glass (Doc. 5). On April 24, 2009, a waiver of service was returned executed on Defendants Dorsey Construction

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

(Doc. 14), Andrea L. Pruneau (Doc. 12), and Alfred Pruneau (Doc. 13). However, Defendants Abbott Masonry, American Glass, Dorsey Construction, Andrea Pruneau, and Alfred Pruneau failed to file an answer or otherwise respond to Plaintiff's complaint.

As a result, on March 23, 2009, Plaintiff's counsel filed a motion for entry of default against Abbott Masonry and American Glass. (Doc. 7). Thereafter, the Court directed the Clerk to enter default. (Doc. 16). Accordingly, the Clerk entered default against Abbott Masonry (Doc. 17) and American Glass (Doc. 18) on June 10, 2009. On August 18, 2009, Plaintiff's counsel filed a motion for entry of default against Dorsey Construction, Andrea Pruneau, and Alfred Pruneau. (Doc. 19). Thereafter, the Court directed the Clerk to enter default. (Doc. 22). Accordingly, the Clerk entered default against Dorsey Construction (Doc. 23), Andrea Pruneau (Doc. 24), and Alfred Pruneau (Doc. 25).

Subsequently, Plaintiff filed a motion for entry of judgment on damages (Doc. 21), which is rendered moot by its amended motion for entry of judgment on damages (Doc. 27).

Pursuant to Plaintiff's amended motion for entry of judgment on damages (Doc. 27), Plaintiff is seeking an Order from the Court: (1) awarding Plaintiff the full amount of its damages in the amount of $154,005.72, as well as pre and post-judgment interest; (2) that Plaintiff be permitted to seek attorneys fees and costs incurred after August 31, 2009, and/or in the process of collecting judgment; and (3) such other relief as is fair and reasonable.

## II. DEFAULT JUDGMENT STANDARD

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the

complaint relating to liability must be accepted as true.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered are ordinarily not; a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.  (*Id*).

In this case, Plaintiff asks the Court to enter default in the amount of $154,223.39 and has provided affidavits and supporting documentation which establish the amount requested.  (Doc. 21, Exs. 1-13, Doc. 27, Exs. 2-14).  The undersigned finds that Plaintiff's requested default damages of $154,223.39 is a sum certain documented by the affidavit of Michael Sams, Plaintiff's Associate Superintendent, and exhibits thereto, and by the affidavit of Peter Gannott, Esq., and exhibits thereto.  (*Id*.)  Therefore, a hearing to determine damages is not necessary.  *See* Fed. R. Civ. P. 55(b); *Sw. Ohio Reg'l Council of Carpenters Pension Fund v. PJH Constr.*, No. 05-cv-19, 2005 U.S. Dist. LEXIS 15245, at *3-4 (S.D. Ohio June 28, 2005).

### III.  ANALYSIS

Upon review of the record, the undersigned finds and recommends that default judgment and an entry of judgment on damages is warranted.

The undersigned finds that Defendants Abbott Masonry, American Glass, Dorsey Construction, Andrea Pruneau, and Alfred Pruneau, were properly served (Docs. 5, 6, 12, 13, and 14) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and have

failed to plead or otherwise defend. Defendants Abbott Masonry, American Glass, Dorsey Construction, Andrea Pruneau, and Alfred Pruneau's failure to respond to Plaintiff's complaint, motions for entry of default, and motions for entry of judgment on damages has made it abundantly clear that they have no intention of defending this action. Therefore, default judgment on damages is warranted.

## IV.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for default judgment on damages (Doc. 21) be **DENIED** as **MOOT**;

2. The Order to Show Cause (Doc. 26) be **VACATED**;

3. Plaintiff's amended motion for default judgment on damages (Doc. 27) be **GRANTED**;

4. Default judgment be entered in Plaintiff's favor and against Defendants Abbott Masonry, LLC, American Glass Services, LLC, Dorsey Construction Company, Inc., Andrea L. Pruneau, and Alfred Pruneau, jointly and severally, in the amount of $154,005.72 plus pre-judgment and post-judgment interest;

5. To the extent that Plaintiff recovers a portion of its losses through a refund of contract balances from Naval Facilities Engineering Command Midwest, or any other sources, that Plaintiff credit its judgment against Defendants in the amount of such recovery; and

6. Plaintiff be permitted to seek attorneys fees and costs incurred after August 31, 2009, and/or in the process of collecting the judgment.


Date: December 10, 2009                                s/ Timothy S. Black
                                                              Timothy S. Black
                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI INSURANCE
COMPANY,

    Plaintiff,

vs.

DORSEY CONSTRUCTION
COMPANY, *et al*.,

    Defendants.

Case No. 1:09-cv-3

Judge S. Arthur Spiegel
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b)(2), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).