UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI INSURANCE CO.,     :
                       : NO. 1:09-CV-00003
      Plaintiff,          :
                       :
                       :
   v.                      :
                       : **OPINION AND ORDER**
                       :
DORSEY CONSTRUCTION CO., Inc., :
et al.,                     :
                       :
      Defendants.        :


        This matter is before the Court on the Magistrate Judge's December 10, 2009 Report and Recommendation that Plaintiff's Amended Motion for Default Judgment on damages (doc. 27) be granted (doc. 28). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

        Plaintiff filed its Complaint on January 5, 2009 against five-named Defendants (doc. 1). As a result of Defendants' failure to plead, answer, or otherwise move or defend as to Plaintiff's Complaint, Plaintiff moved for entry of default against Defendants Abbott Masonry, LLC ("Abbott Masonry"), American Glass, LLC ("American Glass"), Dorsey Construction Company, Inc. ("Dorsey Construction Company"), Andrea Pruneau, and Alfred Pruneau, (doc. 7, doc. 19). This Court entered an entry of default against Defendants Abbott Masonry and American Glass on June 10, 2009 (doc. 16). On August 18, 2009, this Court entered an entry of default

against Defendants Dorsey Construction Company, Andrea Pruneau, and Alfred Pruneau (doc. 22). Plaintiff then moved for entry of judgment on damages (doc. 21), and now amends its motion for default judgment on damages (doc. 27).

In his Report and Recommendation, the Magistrate Judge reviewed the applicable standard governing entry of default under Fed. R. Civ. P. 55(a), and concluded that as Defendants have failed to plead or otherwise defend, and as that fact is made to appear by affidavit or otherwise, the Clerk should enter the party's default (doc. 28).

Furthermore, the Magistrate Judge reviewed the applicable standard governing default judgment under Fed. R. Civ. P. 55(b), and concluded that Plaintiff's requested default damages of $154,223.39 is a sum certain documented by the affidavit of Michael Sams, Plaintiff's Associate Superintendent (doc. 21), and exhibits thereto, and by the affidavit of Peter Gannott, Esq. (doc. 27), and exhibits thereto (doc. 28).

The Magistrate Judge found that Defendants were properly served with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and failed to plead or otherwise defend (doc. 28). Moreover, the Magistrate Judge found that Defendants' failure to respond to Plaintiff's complaint, motions for entry of default, and motions for entry of judgment on damages has made it abundantly clear that they have no intention of defending this action, and

thus default judgment on damages is warranted (Id.).

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Neither Party filed any objections thereto within the fourteen days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), and finding no objection to the Magistrate Judge's Report and Recommendation, the Court finds such Report and Recommendation well-taken in all respects.  Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 28), DENIES as MOOT Plaintiff's Motion for Default Judgment on Damages (doc. 21), VACATES the Order to Show Cause (doc. 26), and GRANTS Plaintiff's Amended Motion for Default Judgment on damages (doc. 27).  This Court further ENTERS default judgment in Plaintiff's favor and against Defendants Abbott Masonry, LLC, American Glass Services, LLC, Dorsey Construction Company, Inc., Andrea L. Pruneau, and Alfred Pruneau, jointly and severally, in the amount of $154,005.72 plus pre-judgment and post-judgment interest.  To the extent that Plaintiff recovers a portion of its losses through a refund of

contract balances from Naval Facilities Engineering Command Midwest, or any other sources, this Court DIRECTS Plaintiff to credit its judgment against Defendants in the amount of such recovery.  This Court further permits Plaintiff to seek attorney's fees and costs incurred after August 31, 2009 and/or in the process of collecting the judgment.

      SO ORDERED.

Dated: February 2, 2010            /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge